JFP:pac 95326 \pleading\95326LopardoMSJ.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROSELINE CHOLOPY, In Her Individual Capacity and as Administratrix of the Estate of ERIC A. KROMAH | ) | |
| VS. | ) | C.A. NO. 03-284L |
| CITY OF PROVIDENCE, ET AL | ) | |

# DEFENDANT, KENNETH LOPARDO'S, MOTION FOR SUMMARY JUDGMENT

Now comes the defendant, Kenneth Lopardo, and pursuant to Rule 56, moves that summary judgment be entered on his behalf with respect to this matter.

In support of this motion, Lopardo has attached the following:

- Rule 12.1 Statement of Undisputed Facts.
- Pertinent portions of the depositions of Edwin Kemble, Jr., Michael Imondi, and Kenneth Lopardo (attached to Statement of Undisputed Facts).
- Affidavit of Vincent Pazzetta (attached to Statement of Undisputed Facts).
- Memorandum of Law.

Respectfully submitted,
DEFENDANT, Kenneth Lopardo
By his Attorney,

Joseph F. Penza, Jr., Esq. #0607
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 9/28/05 to:

Kevin F. McHugh, Esq.
CITY SOLICITOR'S OFFICE
275 Westminster Street, Suite 200
Providence, RI 02903-1845

Joseph Moniz, Esq.
Moniz, Cooper & McCann, LLP
100 Allyn Street
Hartford, CT 06103

Alton Wiley, Jr., Esq.
Local Associate Counsel
960 Reservoir Avenue, Suite 22
Cranston, RI 02910

JFP:pac 95326 \pleading\95326LopardoMemoLaw.wpd

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ROSELINE CHOLOPY, In Her Individual Capacity and as Administratrix of the Estate of ERIC A. KROMAH | ) | |
| VS. | ) | C.A. NO. 03-284L |
| CITY OF PROVIDENCE, ET AL | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, KENNETH LOPARDO'S, MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This is the defendant, Kenneth Lopardo's ("Lopardo") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Lopardo is the only remaining police officer who responded to the incident who is still a defendant in this case.[1]

It is Lopardo's position that accepting all of the facts in a light most favorable to the plaintiff, that there is no possible way that a trier of fact could establish liability against him in this case. In short, Lopardo arrived at the scene after the decedent had been pepper sprayed, handcuffed and taken into custody by the first two officers who arrived at the scene. Lopardo's only contact with the decedent was to assist him in getting off the ground, escorting him over to a police vehicle, and putting him into the rear seat of that police vehicle. There is absolutely no evidence whatsoever to suggest that Lopardo took any further action and, therefore, it would be impossible for a trier of fact to conclude that the decedent's constitutional rights were violated by Lopardo.

---

[1] On May 25, 20045, this court entered a Decision and Order granting a motion to dismiss on behalf of the other five individual officers who responded to the scene. The basis of that decision was that the plaintiff's amended complaint did not comply with the requirements of Rule 15(c)(3) so as to relate back to the filing date of the plaintiff's original complaint. In that context, the statute of limitations expired against those five individual police officers and, therefore, those officers' motion for judgment on the pleadings was granted.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that a party shall be entitled to a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When determining a motion for summary judgment, the court must review the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. *Macone v. Town of Wakefield*, 277 F.3d 1, 5 (1st Cir. 2002); *Sands v. Ride Film Corp.*, 212 F.3d 657, 660-61 (1st Cir. 2000); *Mesnick v. General Electric Co.*, 950 F.2d 816, 820 (1st Cir. 1991), cert. denied, 504 U.S. 985 (1992); *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990).

## III. THE PLAINTIFF'S COMPLAINT

### A. In General

Plaintiff's 11-count complaint contains a variety of causes of action against Lopardo, the City of Providence, and former Chief Urbano Prignano, Jr. ("Prignano"). Generally speaking, plaintiff alleges that the defendants, acting under color of law, used excessive force and killed Eric Kromah ("Kromah") in violation of his rights under the Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution. More specifically, plaintiff alleges in paragraph 16 of her complaint that: "As a direct and proximate result of the use of excessive force and pepper spray, Kromah sustained and suffered severe personal injuries including, but not limited to, extreme pain and suffering, excited delirium and asyphixiation that ultimately resulted in his death." The so-called "excessive force" claim by the plaintiff is set forth in paragraph 11 wherein it is alleged that the police officers without provocation used the pepper spray to subdue Kromah "and then placed excessive force on his chest cavity or forcing him against the ground in order to handcuff his hands behind his back."

The various counts involving the plaintiff's complaint can be summarized as follows:

Count I - Unreasonable Force. It is alleged herein that the use of excessive force and the pepper spray constituted unreasonable and unnecessary force which violated Kromah's Fourth, Fifth and Fourteenth Amendment rights.

Count II - Substantive Due Process. This allegation is directed to Prignano and Lopardo where it is alleged that the use of the excessive force and pepper spray "shocked the conscience" and constituted a substantive due process violation.

Count III - Section 1983 Conspiracy. Here, it is alleged that the defendants (including the John Doe defendants) acted in concert to conceal the true cause of Kromah's death.

Count IV - Supervisory Liability. This count is directed only to Prignano and, therefore, has no bearing on this motion.

Count V - *Monell* Claims. This count is directed to the City of Providence and, therefore, has no bearing on this motion.

Count VI - Negligence as to the City of Providence. Since this is directed only to the City of Providence, it has no bearing on this motion.

Count VII - Gross Negligence as to the City of Providence. Again, because this is directed to the City of Providence, it has no bearing on this motion.

Count VIII - Respondeat Superior. Again, this is directed to the City of Providence and has no bearing on this motion.

Count IX - Wrongful Death. The allegation in this count makes reference to "the defendants' negligence as aforesaid." In light of the fact that there is no allegation of "negligence"

against Lopardo in any of the previous counts, it appears that this count can only be directed to the defendants against whom there is a negligence allegation.

Count X - Pendent Claim for Assault and Battery. There is an allegation that Lopardo and the other individual police officers assaulted and battered Kromah.

Count XI - Pending Claim for Reckless and Negligent Infliction of Emotional Distress. This appears to be a claim filed on behalf of the plaintiff, Roseline Cholopy, and as noted below, there is no legal basis for bringing such a claim.

**B. The Specific Allegations Against Defendant Lopardo**

In passing on this motion, it is important for the court to understand that the plaintiff herself has distinguished actions taken by Lopardo and those of the "John Doe" officers. As has been noted, Lopardo did not arrive at the scene until **after** Kromah had been pepper sprayed, handcuffed and taken into custody. Consequently, the plaintiff's claims of "excessive force" and "improper use of pepper spray" cannot possibly serve as a basis to hold Lopardo responsible for Kromah's death.

In the factual portion of the plaintiff's complaint, the allegations against Lopardo may be summarized as follows:

- Lopardo and other officers were dispatched to 101 River Avenue where they observed Kromah *(see paragraph 7)*.

- Lopardo and the other officers attempted to arrest Kromah for entering the home at 101 River Avenue *(see paragraph 8)*.

- Lopardo and the other officers placed Kromah in the back seat of a cruiser after he had lost consciousness as a result of the excessive force *(see paragraph 12)*.

- While it is unclear from reading paragraphs 9, 10 and 11 as to whether or not plaintiff is claiming that Lopardo was involved in using the pepper spray and excessive force against Kromah, there is such an allegation in paragraph #22 in Count I and, therefore, the court would have to consider that as being an allegation against Lopardo. It further appears that such an allegation is reiterated in paragraph #23 of Count II.

- The pending claim for assault and battery contained in Count X also appears to be against the defendant Lopardo.

## IV. FACTS

While there appears to be a dispute between the experts as to Kromah's cause of death[2], there is no dispute whatsoever as to what transpired at the scene.

As noted in the Statement of Undisputed Facts ("SUF"), the first two officers to arrive at the scene were Kemble and Pazzetta (SUF #6). It was those two officers who confronted Kromah as he was attempting to break into the residence at 101 River Avenue (SUF #s 7-18). It was Kemble who initially began to grapple with Kromah and eventually pepper sprayed him in order to subdue him (SUF #s 10-16; 19 and 20). It was Kemble and Pazzetta who handcuffed Kromah (SUF #21). After cuffing him, Kemble and Pazzetta began to escort Kromah to Pazzetta's police vehicle that was parked in front of the house (SUF #25). On his way to the car, Kromah plopped down on the sidewalk (SUF #s 26 and 27). **It was at that time**, that Lopardo arrived at the scene and had his first contact with Kromah (SUF #s 28 and 29). In fact, the only involvement that Lopardo had with Kromah was to assist him in getting up and escorting him to Pazzetta's police vehicle (SUF #s 33-35).

[2] The Rhode Island State Medical Examiner's Office opined that Kromah's death was caused by "cardiac arrhythmia due to acute cocaine intoxication." Plaintiff's expert has opined that Kromah's cause of death was "excited delirium" and concluded there were no drugs in his system.

Based on the foregoing, there is no dispute, and thus no genuine issue, as to what role the defendant Lopardo played in this case. Lopardo responded to the scene as a sergeant in that district. By the time he got there, Kromah had already been taken into custody by Kemble and Pazzetta. The allegations of use of excessive force set forth in the complaint as well as the use of pepper spray are not, and indeed cannot, be directed to Lopardo.

## V. ARGUMENT

Because of the facts of this case, there is little, if any, legal analysis that must be done before the court can grant summary judgment in favor of Lopardo. The undisputed facts establish that the only two officers involved in effectuating Kromah's arrest were Kemble and Pazzetta—and they are no longer defendants in this case.

Consequently, there is no need to measure Lopardo's actions in the context of *Graham v. Connor*, 490 U.S. 386 (1989) which requires an analysis of the police officer's actions to determine whether those actions were objectively reasonable under the facts and circumstances of a particular case. While such a test might be applicable to Kemble and Pazzetta, it does not apply to Lopardo. For this reason, summary judgment should be entered on behalf of Lopardo with respect to **Counts I and II**.

What has been stated above with respect to plaintiff's civil rights claim against Lopardo can be repeated with respect to the state pendent claim of assault and battery (**Count X**). None of the requirements to establish assault and battery under state law can be proven against Lopardo based on the undisputed facts in this case. The only "touching" that Lopardo was involved in with respect to Kromah was assisting him getting off the ground and escorting him to the police car. These acts by Lopardo fall far short of any actionable conduct—whether it be under federal or state law.

There are several problems with plaintiff's conspiracy claim (**Count III**) which require the court to grant Lopardo's motion for summary judgment on that count. In the first place, the complaint only contains conclusory allegations of conspiracy which are not supported by references to

any material facts. More specifically, paragraph 21 under Count III alleges that "Upon information and belief, Defendants...have and conspired with others, reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiff's civil rights, to wit: the defendants agreed to act to conceal the true cause of Kromah's death." There are no facts to support this allegation. "It has long been the law in this and other circuits that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts" [citations omitted]. *Slotnick v. Staviskey*, 560 F.2d 31 (1st Cir. 1997).

Even if this court were to conclude that the plaintiff's complaint met the tests required under *Slotnick*, Lopardo cannot be held liable under the teachings of *Landrigan v. City of Warwick*, 628 F.2d 736, 742 (1st Cir. 1980). In that case, plaintiff attempted to impart liability on two police officers who were not involved in the use of excessive force against the plaintiff. Plaintiff's theory was that those two officers could be held liable for conspiracy by covering up the officer who was actually involved in the use of excessive force. The court ruled that plaintiff's theory was incorrect citing *Hampton v. Hanrahan*, 600 F.2d 600, 622 (7th Cir. 1979).

In **Count IX** of the plaintiff's complaint, plaintiff alleges that "As a direct and proximate result of the defendants' negligence **as aforesaid**, Eric Kromah died on July 28, 2000..." [emphasis added]. In reviewing the previous allegations in the complaint against Lopardo, there are no negligence allegations. Instead, all of the allegations (albeit erroneous) allege that Lopardo used excessive force and pepper spray (intentional acts) in taking Kromah into custody. Even assuming that there were negligence claims against Lopardo based on the undisputed facts in this case, he cannot be held liable based on the allegations in this complaint.

The last allegation against Lopardo is set forth in **Count XI**—Reckless and Negligent Infliction of Emotional Distress. This claim belongs to Kromah's widow, Rosaline Cholopy. This is a pendent state law claim and, thus, is governed by Rhode Island case law. The Rhode Island Supreme Court in *Champlin v. Washington Trust Co.*, 478 A.2d 985 (R.I. 1984) adopted the Restatement of Torts theory that a defendant who intentionally directs extreme and outrageous conduct at one party is also subject to liability for emotional distress to that party's immediate family who may have been present

at the time of the incident. There is no dispute that Rosaline Cholopy was not present at any time during this incident. Moreover, in Rhode Island, the plaintiff must show that her emotional distress was accompanied by physical manifestations. *Curtis v. State Department for Children and Families*, 522 A.2d 203 (R.I. 1987). This is not even alleged in Count XI. All that is alleged in this count is that based on the earlier allegations, defendants are liable to the plaintiff (i.e. Cholopy) for reckless and negligent infliction of emotional distress. See also *Reilly v. United States*, 547 A.2d 894 (R.I. 1988). (A plaintiff must suffer physical symptomatology to recover damages of negligent infliction of emotional distress.)

## VI. CONCLUSION

For all of the reasons stated above, Lopardo moves that summary judgment be granted in his favor with respect to each and every count that applies to him in this matter.

Respectfully submitted,
DEFENDANT, Kenneth Lopardo
By his Attorney,

Joseph F. Penza, Jr., Esq. #0607
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 9/28/05 to:

Kevin F. McHugh, Esq.
CITY SOLICITOR'S OFFICE
275 Westminster Street, Suite 200
Providence, RI 02903-1845

Joseph Moniz, Esq.
Moniz, Cooper & McCann, LLP
100 Allyn Street
Hartford, CT 06103

Alton Wiley, Jr., Esq.
Local Associate Counsel
960 Reservoir Avenue, Suite 22
Cranston, RI 02910