UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROSELINE CHOLOPY, In Her Individual Capacity and as Administratrix of the Estate of ERIC A. KROMAH<br>Plaintiff | : | CIVIL ACTION NO. 03-284L |
| VS. | : | |
| CITY OF PROVIDENCE, ET AL<br>Defendants | : | October 25, 2005 |

**OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Defendants have moved for Summary Judgment based upon the Plaintiff's inability to prove her case in light of the Court's ruling on their Motion to Dismiss the individually named officers. The Court in its ruling dismissed the claims raised in the Plaintiffs Amended Complaint that added as defendants the individual officers involved in the arrest of the decedent on July 28, 2000. The Court granted the motion to dismiss the Amended Complaint as to officers DeCristofano, Imondi, Kemble, S. O and Pazzetta on the grounds that the statute of limitations has expired as to these recently named defendants. The Plaintiff had moved to amend the Complaint initially on December 12, 2003, which the Court denied without prejudice based upon her failure to attach the Amended Complaint, after which she refilled the motion and

the Court granted the amendment on June 1, 2004.

The complaint arose out of the death of Eric Kromah at the hands of the Providence Police, including the added defendants, on July 28, 2000. There was no dispute that the relevant statute of limitations was three years, or that the initial Complaint was timely filed on June 30, 2003. The question before the Court in the motion to dismiss was whether the amendment to the complaint by adding the additionally named defendants related back to the filing of the original complaint pursuant to Federal Rule 15(c). The Court granted the Defendants' motions based upon the running or the statute of limitations.

The Plaintiff had sought from the time of her husband's death the police reports that had been filed in connection with this unusual incident. All that she was provided was a one page, **one paragraph**, police report, which included none of the names of the officers involved, except Sgt. Lopardo who signed the report. During a recently concluded deposition, the Plaintiff learned for the first time that the report which she was told by the defendants included only one page, in fact included statements of the individual officers involved in the arrest and death of her husband. The statements which were a part of the original report were made and signed by the very officers whom the Plaintiff sought unsuccessfully to add to this suit in her Motion to Amend the Complaint. Those statements which were a part of the original report were fraudulently concealed from the Plaintiff despite her timely and repeated requests for them.

MONIZ, COOPER & MCCANN, LLP • ATTORNEYS AT LAW
100 ALLYN STREET • HARTFORD, CT 06103 • (860) 278-0200 • FAX (860) 278-2212 • JURIS NO. 418370

More importantly, it was not until the recent deposition of Officer Kemple that we learned that his and statements and those of the other officers involved were part or the original police report.[1] (See Attached Transcript of Officer Kemple.)

We therefore object to the Defendants' Motions for Summary Judgment based upon a fraudulent concealment of the entire police report of this incident by the Defendants. But for the Defendants' concealment of this critical portion of the Police Report, the officers involved in the arrest and claimed incident of excessive force would not have been named only as "John and Jane Doe's" in the original Complaint and would not have been dismissed from this suit. The Defendants' Motion for Summary Judgment is based entirely upon the Court's dismissal of the claims against the individually involved officers that were added by way of the Amended Complaint. The Defendants' obtained that dismissal as a result of their fraudulent concealment of the full Police Report, which report would have permitted the Plaintiff timely to name these officers as defendants. In a separately filed motion, we seek reconsideration by this Court of our Objection to the Defendant's Motion to Dismiss the Amended Complaint as to the individually named officers added upon late disclosure of these involved officers.

---

[1] In response to our letter to Magistrate Judge Hagopian regarding this issue, Counsel for the defendant officers mistakenly believed that we were referring to a missing page two of the report. We were not referring to that page.

PLAINTIFF

By [signature]
Joseph A. Moniz (ct 04316)
Moniz & Associates
100 Allyn Street
Hartford, CT 06103
Tel. (860) 278-0200
Fax. (860) 278-2212

And

By [signature]
Alton Wiley, Jr., Esq.
Local Associate Counsel
R.I. Bar #3337
960 Reservoir Avenue, Suite 22
Cranston, R.I. 02910
Tel. (401) 943-3372
Fax. (401) 943-7144

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile to all Counsel of Record.

[signature]
Alton Wiley, Jr.