UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROSELINE CHOLOPY, In Her Individual Capacity and as Administratrix of the Estate of ERIC A. KROMAH<br>Plaintiff<br>VS.<br>CITY OF PROVIDENCE, ET AL<br>Defendants | : | CIVIL ACTION NO. 03-284L<br><br><br><br><br>October 26, 2005 |

**MOTION FOR RECONSIDERATION**

The Plaintiff hereby respectfully submits this Motion for Reconsideration and requests this Court to reconsider its Ruling granting the Defendant's Motion to Dismiss the Amended Complaint as to the newly added officers based upon a running of the statute of limitations. The Court based that ruling upon the Plaintiff's failure to name the added individual officers in a timely fashion. The Plaintiff learned in a recently taken deposition of one of the added officers who was dismissed as a defendant that a part of the Providence Police Department's report of this incident included signed statements by the individual officers involved, including the additionally named Defendants who were the subject of the Defendants' Motion to Dismiss. The Defendants fraudulently concealed these portions of the Police Report from the Plaintiff, thus preventing her from being able to name the individual officers in a timely fashion. Because

of the Defendants' conduct in concealing this portion of the Report, the Plaintiff could not have known that this part of the report existed despite her diligent efforts to obtain the entire report.

PLAINTIFF

By ________________
Joseph A. Moniz (ct 04316)
Moniz & Associates
100 Allyn Street
Hartford, CT 06103
Tel. (860) 278-0200
Fax. (860) 278-2212

And
By ________________
Alton Wiley, Jr., Esq.
Local Associate Counsel
R.I. Bar #3337
960 Reservoir Avenue, Suite 22
Cranston, R.I. 02910
Tel. (401) 943-3372
Fax. (401) 943-7144

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile to all Counsel of Record.

________________
Alton Wiley, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROSELINE CHOLOPY, In Her Individual Capacity and as Administratrix of the Estate of ERIC A. KROMAH, Plaintiff | : | CIVIL ACTION NO. 03-284L |
| VS. | : | |
| CITY OF PROVIDENCE, ET AL, Defendants | : | October 26, 2005 |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

The Plaintiff hereby respectfully submits this Memorandum in Support of Motion for Reconsideration and requests this Court to reconsider its Ruling granting the Defendant's Motion to Dismiss the Amended Complaint as to the newly added officers based upon a running of the statute of limitations. The Court based that ruling upon the Plaintiff's failure to name the added individual officers in a timely fashion. The Plaintiff learned in a recently taken deposition of one of the added officers who was dismissed as a defendant that a part of the Providence Police Department's report of this incident included signed statements by the individual officers involved, including the additionally named Defendants who were the subject of the Defendants'

Motion to Dismiss. The Defendants fraudulently concealed these portions of the Police Report from the Plaintiff, thus preventing her from being able to name the individual officers in a timely fashion. Because of the Defendants' conduct in concealing this portion of the Report, the Plaintiff could not have known that this part of the report existed despite her diligent efforts to obtain the entire report.

## II. FACTUAL BACKGROUND

The Plaintiff originally brought this complaint against the Providence Police Department, but because she was given an alleged complete Police Report of the incident which included only the name of Sgt. Lopardo, she completed the Complaint by adding as defendants five police officers involved in this incident whom she could identified in the original complaint only as "John and Jane Does 1- 10."

The incident that led to the filing of this complaint took place on July 28, 2000, in the City of Providence when Eric A. Kromah died while being subdued during an arrest by officers of the Providence Police Department. An autopsy performed by the Rhode Island Medical Examiner's office concluded that Mr. Kromah died of "acute cocaine intoxication." An independent autopsy performed at the request of the family of Mr. Kromah concluded that the cause of his death was "excited delirium," and that there was no alcohol or drugs in his body at the time of his death.

According to the Defendants, the only police report generated as a result of this highly unusual incident was a one page, one paragraph report that named none of the police officers involved in the arrest and subsequent death of Kromah, except for Sgt. Lopardo.[2] (Attached as Exh. A.) Despite efforts by the family of the deceased to learn the names of the other officers involved, they were not able to do so until after this suit was filed and the Court ordered the attorneys for the City to provide the names of the officers who were involved in this incident. (See attached affidavit of Roseline Cholopy.)

Notice of this claim was filed by the Administratrix of the Estate of Eric Kromah on April 17, 2001 with the City of Providence. The Complaint was filed in this Court on June 30, 2003. At the time the Complaint was filed, the Plaintiff was unaware of the identities of the officers involved in the arrest and death of her husband despite requesting all available reports from the Providence Police Department and receiving only Exhibit A. The Plaintiff first learned of the identities of the officers involved through a discovery response dated December 8, 2003 filed by Attorney Joseph F. Penza, who at that time represented Officer Kenneth Lopardo, and presently represents the recently named officers in addition to the originally named officer.

Plaintiff immediately attempted to amend the Complaint on December 12, 2003 by adding as defendants the newly discovered officers, but the Court on January 6, 2004 denied her motion

[2] Interestingly, the report noted that it was page 1 of 2 pages. Only last week were we provided an explanation by Counsel for the Defendant officers that page 2 was a blank page. This however does not explain why the statements

without prejudice based upon her failure to attach the proposed Amended Complaint. The plaintiff corrected the oversight and the Court on June 1, 2004 granted the Motion to Amend the Complaint. The Defendant then moved to dismiss the Amended Complaint based upon their claim that the statute of limitations had run as to them. The Court agreed and granted the motion..

During the deposition of Officer Edwin J. Kemble taken on September 8, 2005, he testified that he gave a statement on July 28, 2000. When asked to whom he gave the statement, he replied: "It becomes a part of the police report, police package." (Kemble Dep. P.12) He was then asked: "Is this a form [referring to the form on which his statement appeared] that is used by the Providence Police for statements that are given?" To which question he responded: "Yes." He then explained in detail that the statement was a part of the report, and was asked: "And when you do these reports [the signed statement he gave], is this something that's required by the Providence Police Department?" To which he responded: "Yes." (Kemble Dep. p. 17)

## III. ARGUMENT

The Defendants fraudulently concealed from the Plaintiff a critical part of the Providence Police Report into this incident, i.e., the statements of the officers involved in the arrest, which

which were a part of the original report were missing from the version provided by the Defendants.

prevented her from being able timely to name the individual officers involved in this incident. The Defendants' then sought to and did benefit from their failure to disclose by arguing in their Motion to Dismiss that the Plaintiff failed timely to include the individual officers, other than Sgt. Lopardo, in this suit. The Defendants now have moved for Summary Judgment based upon the Court's dismissal of the claims against the individual officers, other than Sgt. Lopardo whose involvement in this arrest occurred after the incident involving the claimed excessive force. Had the Defendants not concealed the full report which the Plaintiff repeatedly sought, the Plaintiff would have been able to name all the involved officers in a timely fashion. More importantly, there was no way for the Plaintiff who was *pro se* at the time to have known that there was an attached portion of the report that included the names of the officers involved in this arrest. The Defendants should not be permitted to benefit from their intentional failure to provide the full Police Report despite the repeated efforts of the Plaintiff to obtain the same.

For the reasons stated herein, the Plaintiff respectfully requests that the Court reconsider its Ruling in support of the Defendants' Motion to Dismiss and permit the Amended Complaint to stand as the operative complaint in this case, with the added individual officers named therein.[3]

---

[3] We note that of the officers named in the Amended Complaint, only Officers Kemble and Pazzeta were involved in the claimed incident of excessive force. We would drop the claims as to the other individual officers.

PLAINTIFF

By ______________________
Joseph A. Moniz (ct 04316)
Moniz & Associates
100 Allyn Street
Hartford, CT 06103
Tel. (860) 278-0200
Fax. (860) 278-2212

And
By ______________________
Alton Wiley, Jr., Esq.
Local Associate Counsel
R.I. Bar #3337
960 Reservoir Avenue, Suite 22
Cranston, R.I. 02910
Tel. (401) 943-3372

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile to all Counsel of Record.

______________________
Alton Wiley, Jr., Esq.

# PROVIDENCE POLICE DEPARTMENT

209 Fountain Street, Providence, RI 02903
(401) 272-3121

## UNIFORM REPORT

| 1. REPORT TYPE: | 2. CCR NUMBER: | 3. TITLE: | 4. DV: |
|---|---|---|---|
| 1 | 00-106099 | B&E/FORCIBLE | N |

| 5. NATURE CODE: | 6. LOCATION: | 7. POST: |
|---|---|---|
| 061 | 0101 RIVER AV 1ST | 27 |

| 8. TIME & DATE OF OCCURANCE | 9. TIME & DATE REPORTED |
|---|---|
| FROM: 07/28/00 23:22 | 07/28/00 23:22 |
| TO: 07/28/00 23:22 | |

| 10. COMPLAINANT/DEFENDANT (LAST, FIRST) | 11. ADDRESS (STREET + NUMBER) |
|---|---|
| KROMAH, ERIC | 38 PHEBE ST |

| [redacted] | 13. SEX | 14. AGE | 15. RACE | 16. PHONE: |
|---|---|---|---|---|
| [redacted] PROVIDENCE, RI [redacted] | M | 35 | B | |

| 17. PERSON REPORTING (LAST, FIRST) | 18. ADDRESS (STREET + NUMBER) |
|---|---|
| PROV POLICE, | |

| 19. CITY/STATE: | 20. SEX | 21. AGE: | 22. RACE: | 23. PHONE: |
|---|---|---|---|---|
| | | | | |

| VEHICLE REGIST. | 25. STATE: | 26. YEAR | 27. MAKE: | 28. MODEL: | 29. COLOR: |
|---|---|---|---|---|---|
| | | | | | |

| 30. VIN NUMBER: | 31. TOWED BY: |
|---|---|
| | |

32. PROPERTY DESCRIPTION

DESCRIPTION OF ITEM (MODEL + SERIAL NUMBERS)

33. INCIDENT NARRATIVE

AT APPROXIMATELY 2223 HOURS THIS DATE, POLICE RESPONDED FOR A REPORT OF A B&E IN PROGRESS AT 101 RIVER AVENUE, THE RESIDENCE OF EMMA CERVONE. UPON ARRIVAL POLICE OBSERVED A BLACK MALE SUBJECT, LATER IDENTIFIED AS ERIC KROMAH - DOB 6/7/65, AT THE REAR FIRST FLOOR WINDOW OF THE RESIDENCE, THE WINDOW HAD BEEN SMASHED. POLICE ATTEMPTED TO APPREHEND THE SUBJECT AND A BRIEF STRUGGLE ENSUED DURING WHICH THE SUBJECT WAS GIVEN A SHORT BLAST OF DEPARTMENT ISSUED PEPPER GAS AND HE WAS EVENTUALLY HANDCUFFED. A SEARCH OF THE HOUSE FOR ADDITIONAL SUSPECTS WAS MADE AND WAS NEGATIVE. THIS SUBJECT WAS THEN TRANSPORTED TO ROGER WILLIAMS HOSPITAL FOR TREATMENT, OF CUTS TO HIS HANDS AND ARMS, SUSTAINED WHEN HE SMASHED THE REAR WINDOW. UPON ARRIVAL AT ROGER WILLIAMS HOSPITAL HE WAS FOUND TO BE UNRESPONSIVE. HOSPITAL PERSONNEL ATTEMPTED TO RESUSCITATE THE SUBJECT AND A SHORT TIME THEREAFTER HE WAS PRONOUNCED DEAD.

| 34. INVESTIGATING OFFICER(S) | 35. FID | 36. POST ASSIGNED | PAGE: |
|---|---|---|---|
| SGT. LOPARDO | 077 | 25 | 1 OF 2 |

A. Yes.

Q. Could you explain to me the circumstances under which you gave that statement?

MR. PENZA: Objection to form. You can answer.

A. Basically I responded to a call for break in progress.

Q. Okay. Now, this statement that you gave does not have, as I can tell, a date on it. Is that a fair statement?

A. On 7-28-00, the first line.

Q. It says date 7-28-00, is that the date on which you gave the statement?

A. Most likely, yes.

Q. Do you remember where it was that you gave the statement?

A. At the police station.

Q. To whom did you give the statement?

A. It becomes part of the police report, police package.

Q. Is this a form that is used by the Providence Police for statements that are given?

A. Yes.

Q. There appears to be at the top, it says, "Question: What is your name?" Is that something

that was being asked of you by someone, or is that a part of a form?

A. That's part of the form.

Q. Who is it that filled in the information in this case?

A. I don't know.

Q. Did you type the information that's in here?

A. Yes.

Q. So this was typed yourself?

A. Yes.

Q. So where it says what is your name, is that something that was typed in advance on a form?

A. Correct.

Q. What about the line that says, "I, Edward J. Kemble, Jr., voluntarily, without threats," is that part of something you typed or was that already there?

A. Everything there, but my name.

Q. So you would type your name in?

A. Yup.

Q. The information, "What is your name?" I assume that's something you would type in?

A. Correct.

Q. Do you put the A and then the colon, Edwin J. Kemble, Jr.? Do you see where it says Q and a

A. Correct.
Q. There is no other way for us to tell when it is that you did the report?
A. There probably is a way, somehow. Logging into the computer system.
Q. But you agree that time was supposed to be when you do the report as opposed to when it's reported?
A. Uh-huh.
Q. And when you do these reports, is this something that's required by the Providence Police Department?
A. Yes.
Q. Let me switch subjects for a minute, Officer Kemble, and ask you if you would just give me your background as a police officer with the Providence Police Department.
A. Approximately seven and a half years on the job right now in the patrol division.
Q. When did you first come on to the department?
A. Sworn in June 2nd, 1998.
Q. You were sworn in as a patrol officer?
A. Yes.
Q. Is that the current rank you hold?
A. Yes.

126 Academy Avenue
Prov. R.I 02908
October 26, 2005

# AFFIDAVIT

I, ______________ have made Several Requests to The Defendants, City of Providence and Sg. Kenneth Laparelo for the Police Report of July 29, 2000, in which my late husband was killed, Mr. Eric A. Kromah Sr. After Several Attempts failed, I was only provided with a one paged paragraph of the police Report, of which was the Same police Report paragraph provided in 2000. I was told after Several attempts to get the full police Report, that what was given me the one paragraph police Report was the only Report the Defendants had.

Signed

Roseline n. Cholopy

Roseline Cholopy