UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ROSELINE CHOLOPY, In Her Individual Capacity and as Administratrix of the Estate of ERIC KROMAH** | : | |
| **VS.** | : | **Civil Action No. 03-284L** |
| **CITY OF PRVIDENCE, ET AL** | : | |

**MOTION TO WITHDRAW**

Now comes Alton W. Wiley, Jr., local associate counsel for the Plaintiff, Roseline Cholopy, in the above-entitled matter and hereby moves this Honorable Court for permission to withdraw his Entry of Appearance as counsel.

In support of this Motion, your movant avers that his continued representation of the Plaintiff is impossible due to the fact that lead counsel, Joseph Moniz, has persisted in a course of conduct which has resulted in the irremediable breakdown of the relationship between attorneys.

Counsel has attached a Memorandum of Law in support of this motion, and an Affidavit of Non-Military Service.

WHEREFORE, counsel respectfully prays for permission to withdraw his appearance forthwith.

Respectfully submitted,

ALTON W. WILEY, JR. (#3337)
960 Reservoir Ave., Suite 22
Cranston, Rhode Island 02910
Telephone: (401) 943-3372

**CERTIFICATION**

I, the undersigned do hereby certify that I mailed a true and accurate copy of the within Motion by regular, postage pre-paid mail, on this 28th of October, 2005, to the following:

Joseph Moniz, Esquire
100 Allyn Street
Hartford, Connecticut 06103

Joseph Penza, Esquire
530 Greenwich Avenue
Warwick, Rhode Island 02886

Kevin McHugh, Esquire
275 Westminster Street
Suite 200
Providence, Rhode Island 02903

Roseline Cholopy
126 Academy Avenue
Providence, Rhode Island 02908

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSELINE CHOLOPY, In Her Individual Capacity and as Administratrix of the Estate of ERIC KROMAH** | : | |
| **VS.** | : | **Civil Action No. 03-284L** |
| **CITY OF PRVIDENCE, ET AL** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF COUNSEL'S MOTION TO WITHDRAW**

**INTRODUCTION:**

This matter involves a wrongful death action brought by the plaintiff, Roseline Cholopy, against defendants City of Providence, Urbano Prignano (Chief of Police at the time of the incident), Sergeant Kenneth Lopardo and other individual police officers named as John and Jane Doe. The plaintiff brought this action after an incident involving the arrest of her husband, Eric Kromah, on July 28, 2000, which resulted in the death of her husband.

**FACTS AND TRAVEL:**

Plaintiff engaged the services of this counsel in order to serve as local associate counsel for an out of state attorney that she had retained to pursue this action. The out of state attorney is Joseph Moniz who has offices in Connecticut and New York, but is not a licensed to practice law in the State of Rhode Island. Plaintiff was having trouble trying to engage the services of a local attorney, and contacted this counsel about serving as local counsel. After some consideration of the matter,

and after speaking with Attorney Moniz this counsel agreed to act as local counsel. A Pro Hac Vice motion was filed and after a hearing on the motion Attorney Moniz was allowed to enter his appearance a lead counsel and this counsel entered an appearance as local associate counsel.

**DISCUSSION:**

Counsel has come forth and filed a Motion to Withdraw for several reasons. The major reason being that Attorney Moniz has failed to diligently pursue this matter in a timely fashion. Attorney Moniz has missed essential court dates and has missed or waited until the last minute before filing documents which the court had imposed deadlines for filing. Specifically, Attorney Moniz missed a hearing on a very important Motion to Dismiss certain defendants from the case. Local counsel was left to argue this motion with very little advance notice that Attorney Moniz would not be present, and without the benefit of having all of the documents necessary to prepare an argument. The court subsequently ruled in favor of the defendants on this crucial issue. Attorney Moniz also missed a scheduling conference when dates were scheduled for the closing of discovery and for the preparation of a pre-trial memorandum. Attorney Moniz recently missed a settlement conference with Magistrate Hagopian, however, the initial date had been changed and there was some discussion that he could be available by telephone.

Local counsel throughout this case has had to call Attorney Moniz to remind him about court dates and deadlines. Local counsel called Attorney Moniz several times during this past summer in an effort to get the discovery process started. Depositions needed to be scheduled and the discovery deadline was looming. Attorney Moniz waited until the last possible moment before setting up the depositions. Summary judgment motions were filed by the defendants. Attorney Moniz failed to answer these motions in a timely fashion. This counsel received a voicemail this week from Clerk of the Court Barbara Gilfillan indicating that no objections had been filed to the defendants' summary judgment motions. This voicemail came a week after I spoke to Attorney Moniz about this issue after the settlement conference with Magistrate Hagopian.

Local counsel is also troubled with the way pleadings and settlement conference statements are being forwarded at the last possible moment for entry with the court. Documents have been faxed to local counsel for signature and filing at the eleventh hour on several occasions. This practice does not allow local counsel to properly review the documents, and to speak with Attorney Moniz about the content of the pleadings or any corrections that local counsel may want to suggest. This is another issue of diligence which local counsel is upset about the way the case is being handled.

Another issue is local counsel is concerned about is that local counsel has been requesting a retainer agreement between local counsel and Attorney Moniz since the outset of my involvement in this case. Local counsel has requested that something be reduced to writing on numerous occasions to no avail. Local counsel does have a retainer agreement with the plaintiff that allows for a separate retainer agreement between local counsel and Attorney Moniz. Local counsel does not feel that it is reasonable to remain involved in this matter without a retainer agreement.

Lastly, local counsel has requested documents from Attorney Moniz in order to have a clear understanding of the issues in this case. Local counsel requested a copy of the autopsy report that was prepared by the plaintiff's expert for months and months. Finally, local counsel picked up the report from the plaintiff at her residence. Local counsel has constantly communicated with the plaintiff in this matter. However, she has voiced concerns about Attorney Moniz not getting back to her, and with regards to his waiting until the last minute to do everything.

Based on the foregoing, local counsel prays that his Motion to Withdraw be granted.

Respectfully submitted,

ALTON W. WILEY, JR. (#3337)
960 Reservoir Ave., Suite 22
Cranston, Rhode Island 02910
Telephone: (401) 943-3372

**CERTIFICATION**

I, the undersigned do hereby certify that I mailed a true and accurate copy of the within Motion by regular, postage pre-paid mail, on this 28th, day of October, 2005, to the following:

Joseph Moniz, Esquire
100 Allyn Street
Hartford, Connecticut 06103

Joseph Penza, Esquire
530 Greenwich Avenue
Warwick, Rhode Island 02886

Kevin McHugh, Esquire
275 Westminster Street
Suite 200
Providence, Rhode Island 02903

Roseline Cholopy
126 Academy Avenue
Providence, Rhode Island 02908

Alton W. Wiley, Jr.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSELINE CHOLOPY, In Her Individual** | : | |
| | : | |
| **VS.** | : | **Civil Action No. 03-284L** |
| | : | |
| **CITY OF PROVIDENCE, ET AL** | : | |

**AFFIDAVIT OF NON-MILITARY SERVICE**

I, Alton W. Wiley, Jr., of the City of Cranston, County of Providence, do hereby depose and state that after investigation of the whereabouts of the Plaintiff, Roseline Cholopy, 126 Academy Avenue, Providence, Rhode Island, is not a person in military service as defined in Article 1 of the "Soldiers and Sailors' Civil Relief Act" of 1940, as amended.

[signature]
ALTON W. WILEY, JR. (#3337)

State of Rhode Island
County of Providence

Subscribed and sworn to before me at Providence

on this 28 day of October, 2005.

[signature]
Notary Public

My commission expires on: 6/20/09