**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSELINE CHOLOPY, In Her Individual Capacity and as Administratrix of the Estate of ERIC KROMAH** | : | |
| **VS.** | : | **Civil Action No. 03-284L** |
| **CITY OF PROVIDENCE, ET AL** | : | |

**OBJECTION TO DEFENDANT LOPARDO'S MOTION FOR RULE 11 SANCTIONS**

Now comes Alton W. Wiley, Jr., local associate counsel for the Plaintiff, Roseline Cholopy, in the above-entitled matter and hereby objects to Defendant Lopardo's Motion For Rule 11 Sanctions.

In support of this motion, Plaintiff's local associate counsel has attached a memorandum of law.

Respectfully submitted,

ALTON W. WILEY, JR. (#3337)
960 Reservoir Ave., Suite 22
Cranston, Rhode Island 02910
Telephone: (401) 943-3372

## CERTIFICATION

I, the undersigned do hereby certify that I mailed a true and accurate copy of the within Motion by regular, postage pre-paid mail, on this 29th, of December, 2005, to the following:

Joseph Penza, Esquire
530 Greenwich Avenue
Warwick, Rhode Island 02886

Kevin McHugh, Esquire
275 Westminster Street
Suite 200
Providence, Rhode Island 02903

Joseph Moniz
100 Allyn Street
Hartford, Connecticut 06103

Alton W. Wiley, Jr.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSELINE CHOLOPY, In Her Individual Capacity and as Administratrix of the Estate of ERIC KROMAH** | : | |
| **VS.** | : | **Civil Action No. 03-284L** |
| **CITY OF PROVIDENCE, ET AL** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANT LOPARDO'S MOTION FOR RULE 11 SANCTIONS**

**INTRODUCTION:**

This matter involves a wrongful death action brought by the plaintiff, Roseline Cholopy, against defendants City of Providence, Urbano Prignano (Chief of Police at the time of the incident), Sergeant Kenneth Lopardo and other individual police officers named as John and Jane Doe. The plaintiff brought this action after an incident involving the arrest of her husband, Eric Kromah, on July 28, 2000, which resulted in the death of her husband.

On September 28, 2005, Defendant Lopardo filed a motion for summary judgment in this matter. On October 26, 2005, plaintiff filed an objection to the motion for summary judgment and a motion for reconsideration and a memorandum of law in support of said motion.

On December 7, 8 and 13, 2005, evidentiary hearings were held on the issue of whether portions of the police report were fraudulently concealed from the

plaintiff in this matter. After said hearings the plaintiff's motion for reconsideration was denied.

**DISCUSSION:**

The basis of the dispute over whether witness statements prepared by police officers were part of the "police report" or "police package" originated during the deposition of Officer Edwin Kemble on September 8, 2005.

On September 8, 2005, this counsel went to Attorney Penza's office for the scheduled depositions. This counsel only observed approximately forty five (45) minutes of the deposition of one officer. This counsel then informed Attorney Moniz and Attorney Penza that my mother was hospitalized at Rhode Hospital, and that I would have to leave the depositions. Neither attorney had a problem with me leaving to visit my mother. Thus, I was not present when the testimony which is at the center of this dispute was offered by Officer Kemble was taken. I did not observe any of the testimony regarding the "police report/package" issue, and I did not observe the context in which it was taken. Furthermore, I have never been provided with copies of any of the depositions.

On October 26, 2005, this counsel signed the pleadings that are at issue in defendant Lopardo's motion. Later that day I received a call from Attorney Penza where he indicated that he was very upset with pleadings. I immediately called Attorney Moniz to relay the substance of Attorney Penza's phone call. I admit to signing the pleadings, but I did not prepare the pleadings or come up with the

allegation of fraudulent concealment. After my phone call to Attorney Moniz on October 26, 2005, he wrote the letter set forth as Exhibit "B" in defendant Lopardo's motion for sanctions. I also filed a motion to withdraw shortly after the events of October 26, 2005. The reason being that I was upset about the way the entire case was being handled which included the way documents were being faxed at the last minute and deadlines were not being met.

During the evidentiary hearings that were held on December 7, 8 and 13, 2005, certain evidence came in that I learned about for the first time. A Petition to the City Council was introduced as an exhibit by Attorney Penza which contained Attorney Moniz' name and was dated 2001. I never saw this document prior to the day it was introduced in court. There was also testimony introduced from Nellie Francis and Roseline Cholophy about their efforts to obtain police reports from the Providence Police Department which I heard for the first time. The testimony given in the evidentiary hearings established that Roseline Cholophy, Nellie Francis and a private investigator Emmet Sheehan requested police reports, but they apparently never requested witness statements or did not request them in the appropriate manner. The testimony indicated that these efforts were made in the years 2000 and 2003. All of these efforts predated my involvement in this case, and I was never informed of these efforts. The witness statements were essential because they contained the names of other officers involved in this incident.

This counsel now has a clearer understanding of what transpired in this matter with respect to the plaintiff's efforts to obtain the names of all of the police officers. Many of the events that led to the filing of the initial motion for judgment

on the pleadings pursuant to Rule 12 (c), and the granting of said motion predated this counsel's involvement and in the case. This counsel did not have knowledge of the efforts that the plaintiff made to get the names of the officers. It should be noted that testimony during the hearings established that the witness statements were kept in the Internal Affairs Division, because there was a death involved in this case. The file remained in Internal Affairs for approximately three (3) years, because the decedent was the only suspect in the crime and a Criminal Information Package was not forwarded to the Department of the Attorney General for further prosecution. This may explain some of the confusion between a "police report" and the "police package". This is something that this counsel realized after facts came out during the evidentiary hearings, but did not know when the motion for reconsideration was filed.

This counsel has been caught in the middle of a situation where he has tried to assist the plaintiff in moving her cause forward, and with having to deal with out of state counsel. This counsel did not create the strategy behind the motion for reconsideration, and did nothing more than sign the motion. If this counsel did not sign motions then out of state counsel who was the lead counsel could not file anything in this matter. This would undermine the plaintiff's case, and she would effectively be in the position of not having an attorney. This counsel agreed at the outset of this case to represent the plaintiff as local associate counsel, because of the fact that the plaintiff was having a difficult time finding local counsel. The only objective of this counsel has been to help the plaintiff get her day in court to find out what happened to her husband. This counsel signed the pleadings based on

knowledge and representations provided by Attorney Moniz. It was never this counsel's intention that the pleadings be presented for an "improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation". Rule 11(b) (1) of the Federal Rules of Civil Procedure.

Based on the foregoing, local counsel prays that his Objection be sustained.

Respectfully submitted,

ALTON W. WILEY, JR. (#3337)
960 Reservoir Ave., Suite 22
Cranston, Rhode Island 02910
Telephone: (401) 943-3372

**CERTIFICATION**

I, the undersigned do hereby certify that I mailed a true and accurate copy of the within Motion by regular, postage pre-paid mail, on this 29th, day of December, 2005, to the following:

Joseph Penza, Esquire
530 Greenwich Avenue
Warwick, Rhode Island 02886

Kevin McHugh, Esquire
275 Westminster Street
Suite 200
Providence, Rhode Island 02903

Joseph Moniz, Esquire
100 Allyn Street
Hartford, CT 06103